United States District Court
Southern District of Texas
**ENTERED**
September 08, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KIMBERLY HOLICK, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-02976 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| AETNA LIFE INSURANCE COMPANY, | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION
GRANTING MOTION TO DISMISS**

The motion to dismiss filed by Defendant Aetna Life Insurance Company is granted. Dkt 13.

1. Background

Plaintiff Kimberly Holick was an employee of Parkway Chevrolet in Montgomery County, Texas and covered under its Aetna-issued group insurance policy. See Dkt 9 at ¶ 6; Dkt 13-1 at ¶¶ 2, 4. She alleges that her doctor ordered an MRI on her left foot in July 2017. The nature of her injury and how it occurred aren't clear. Aetna originally denied coverage. Dkt 9 at ¶ 6. It later reversed this decision after receiving an appeal from Holick's doctor. Id at ¶¶ 6, 9.

Holick did eventually receive the MRI. But she claims that Aetna wrongfully denied her treatment and failed to timely reverse its denial of coverage. She asserts that the delay impeded her doctors from determining the extent of any damage to her left foot and developing a surgical plan. Id at ¶ 9. This, she says, prevented its timely repair and caused her pain and deformities. Id at ¶ 10.

Holick sued Aetna in state court in August 2019. Dkt 1-3. Aetna removed the action based on diversity and federal question jurisdiction. Dkt 1. Holick then amended her complaint and now asserts claims for breach of the insurance contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Dkt 9. These are all claims under state law.

Aetna filed the instant motion to dismiss. Dkt 13. It attached a 142-page document titled "Benefit Plan" and "Aetna Life Insurance Booklet Certificate." Dkt 13-1 at 5–146. It also attached a letter indicating Aetna's reversal of denial of coverage. Dkts 13-2. The Court heard argument on the motion. Dkt 33 (transcript).

### 2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 US at 570. A claim has *facial plausibility* "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id at 678, quoting *Twombly*, 550 US at 556.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019) (citations omitted). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014) (citations omitted).

But a notable exception allows a defendant to attach documents "if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v Morgan Stanley Dean Witter,* 224 F3d 496, 498–99 (5th Cir 2000), quoting *Venture Associates Corp v Zenith Data Systems Corp,* 987 F2d 429, 431 (7th Cir 1993). Where appropriate, the practice can assist the court "in making the elementary determination of whether a claim has been stated." *Collins,* 224 F3d at 498–99.

### 3. Analysis

#### a. Inclusion of the Plan Booklet-Certificate

Aetna attached to its motion to dismiss what it asserts to be the pertinent Plan Booklet-Certificate. Dkt 13-1. The title on the cover of this document states, "BENEFIT PLAN Prepared Exclusively For Parkway Chevrolet Inc." Id at 5. The cover also states, "This Booklet-Certificate is part of the Group Insurance Policy between Aetna Life Insurance Company and the Policyholder." Ibid. The Plan Booklet-Certificate spans 127 pages and includes information on eligibility of employees and dependents, enrollment, covered expenses, and claim procedures and appeal processes, among other information. Id at 5–136. Another nine pages at the end includes "Additional Information Provided by Parkway Chevrolet Inc." Id at 137–46.

ERISA requires that employers who provide a benefits plan to employees must also provide them with a summary plan description (SPD). See 29 USC § 1022(a). An SPD "is a shorter, simplified version of the plan itself and is provided to employees with the goal of allowing them to understand what would otherwise be a complex, somewhat incomprehensible document." *Washington v Murphy Oil USA, Inc*, 497 F3d 453, 456

(5th Cir 2007). Aetna asserts that the foregoing materials together make up the pertinent SPD here. Dkt 13 at 7 n 4.

With respect to the responsibilities of plan fiduciaries, ERISA provides, "Every employee benefit plan shall be established and maintained pursuant to a written instrument." 29 USC § 1102(a)(1). The Fifth Circuit holds that the regulations require only a *written instrument*, without requiring a formal document designated as *the plan* itself. *Memorial Hospital System v Northbrook Life Insurance Co*, 904 F2d 236, 241 (5th Cir 1990). It further holds that where there is "no alternative plan document in the record," the SPD is treated as "a plan's written instrument." *Rhea v Alan Ritchey Inc Welfare Benefit Plan*, 858 F3d 340, 344 (5th Cir 2017) (quotation marks and citations omitted). And it directs that even where there is a formal document designated as *the plan*, "the SPD is binding and if there is conflict between the SPD and the terms of the plan itself, the SPD controls." *McCall v Burlington N/Santa Fe Co*, 237 F3d 506, 512 (5th Cir 2000).

Courts have thus readily determined the existence of an ERISA plan based solely on review of the SPD. See *Hansen v Continental Insurance Co*, 940 F2d 971, 974, 978 (5th Cir 1991), abrogated on other grounds by *Perez v Broister*, 823 F3d 250, 274 (5th Cir 2016); see also *Hutchinson v ReliaStar Life Insurance Co*, 2007 WL 2687610, *5 (ND Tex). And federal courts in the Fifth Circuit regularly accept and consider the applicable SPD on motions to dismiss asserting ERISA-preemption of claims. For example, see *Young v Prudential Insurance Co of America*, 2007 WL 1234929, *2 (SD Tex).

Holick argues that Aetna's inclusion of the Plan-Booklet Certificate is improper because it is neither referred to in the amended complaint nor central to her claims. Dkt 19 at 3. She doesn't assert that it is impertinent or otherwise inapplicable. Her main contention is that the Plan Booklet-Certificate is "a discrete document that is merely a subpart of Plaintiff's policy," and so the Court cannot consider it alone. Ibid.

Holick naturally references her insurance policy with Aetna at numerous points in her complaint. Dkt 9 at ¶¶ 6, 8, 14, 16, 18, 19, 20, 22, 34. And it is naturally central to her claims. The Plan

4

Booklet-Certificate and attachments define the employer-sponsored group insurance policy at issue here, making them the pertinent SPD. Holick references no other documents for consideration. But even if she did, and even if Aetna had attached the further documents to which she has referred, the terms of the SPD would still control. *McCall*, 237 F3d at 512.

The Court finds that Aetna properly attached the Plan Booklet-Certificate to its motion to dismiss. It will be considered as part of the pleadings for purposes of the motion to dismiss.

### b. ERISA preemption

ERISA governs claims arising out of employee benefit plans. Its purpose is to provide a uniform regulatory regime over such plans. *Aetna Health Inc v Davila*, 542 US 200, 208 (2004). There are two sections of ERISA that can operate to preempt a party's causes of action under state law. One pertains to conflict preemption. 29 USC § 1444(a). The other pertains to complete preemption. 29 USC § 1132(a).

Aetna proceeds under 29 USC § 1444(a), which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan . . . ." In analyzing preemption under this provision, a court first asks whether the benefit plan at issue constitutes an ERISA plan. *Woods v Texas Aggregates LLC*, 459 F3d 600, 602 (5th Cir 2006). If the answer is *yes*, then the court must determine whether the state law claims *relate to* the plan. Ibid.

### i. Qualification as an ERISA plan

ERISA defines an "employee welfare benefit plan" as:

> [A]ny plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan . . . was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits in the event of sickness, accident, or disability, death or unemployment, or vacation benefits, apprenticeship, or other

5

> training programs, or day care centers, scholarship, or prepaid legal services . . . .

29 USC § 1002(1).

To determine whether a particular plan qualifies as an *employee welfare benefit plan* subject to ERISA, the Fifth Circuit asks whether a plan exists, whether it falls within the safe-harbor provision established by the Department of Labor, and whether it satisfies the primary elements of an ERISA employee benefit plan—establishment or maintenance of the plan by an employer intending to benefit employees. *McNeil v Time Insurance Co*, 205 F3d 179, 189 (5th Cir 2000), citing *Meredith v Time Insurance Co,* 980 F2d 352, 355 (5th Cir 1993). It isn't an ERISA plan if any part of this inquiry is answered in the negative. *Meredith*, 980 F2d at 355. But the parties dispute only whether the plan falls under the safe-harbor provision.

The plan must meet four statutory criteria if it is to fall within the Department of Labor's safe-harbor provision and avoid ERISA preemption:

- o *First*, "the employer does not contribute to the plan";
- o *Second*, "participation is voluntary";
- o *Third*, "the employer's role is limited to collecting premiums and remitting them to the insurer"; and
- o *Fourth*, "the employer receives no profit from the plan."

29 CFR § 2510.3–1(j); see also *McNeil*, 205 F3d at 190. Failure to meet any one of these inquiries puts the plan outside the safe-harbor provision. *House v American United Life Insurance Co*, 499 F3d 443, 449 (5th Cir 2007).

It is permissible to look to the SPD to determine whether the safe-harbor provision applies. *Hansen*, 940 F2d at 974. Review of the Plan-Booklet Certificate clearly shows that Parkway Chevrolet did more as Holick's employer than simply collect and remit premiums. For instance, Parkway Chevrolet is listed as the policyholder on the plan. Id at 129. And the Plan-Booklet Certificate states, "The Policyholder selects the products and benefits levels under the plan." Dkt 13-1 at 8. It also provides,

6

"Aetna will rely upon your employer to determine whether or not a person meets the definition of a dependent for coverage under the plan." Id at 12. And further, "Your employer will determine the amount of your plan contributions, which you will need to agree to before you can enroll." Id at 14.

Selecting the plan's products and benefits levels, determining coverage for dependents, and determining the amount of an employee's plan contributions are duties that go beyond the "mere ministerial collection and remittance of policy premiums to the insurer." *Flesner v Flesner*, 845 F Supp 2d 791, 798 (SD Tex 2012). As such, the Parkway Chevrolet benefits plan in which Holick was enrolled doesn't fall within the safe-harbor provision.

No other aspect is challenged. The Court thus finds that the plan at issue qualifies as an ERISA plan.

ii. Relation of pleaded claims to the plan

The next step is to determine whether the state law claims relate to the plan. *Woods*, 459 at 602. Holick in candor conceded at the hearing that her claims would be preempted if the Court were to reach this step. Dkt 33 at 40. And they are.

To determine whether a state law relates to a plan for purposes of ERISA preemption under 29 USC § 1444(a), the Fifth Circuit directs that courts should ask "(1) whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Woods*, 459 F3d at 602.

Holick's state law claims are for breach of the insurance contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act. Each is based on Aetna's alleged delay in making a coverage determination under her ERISA plan. Supreme Court and Fifth Circuit precedent is clear that state law claims such as these are preempted because they arise out of a claim for benefits under an ERISA plan. For example, see *Hogan v Kraft Foods*, 969 F2d 142, 144–45 (5th Cir 1992) (ERISA preempts state law claims for breach of contract,

7

violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing); *Ramirez v Inter–Continental Hotels,* 890 F2d 760 (5th Cir 1989) (ERISA preempts statutes such as Tex Ins Code art 21.21, which provides an action for improper handling of insurance claims); *Boren v NL Industries, Inc,* 889 F2d 1463 (5th Cir 1989), cert denied*,* 497 US 1029 (1990) (ERISA preempts Texas DTPA); *Hermann Hospital v MEBA Medical & Ben Plan,* 845 F2d 1286 (5th Cir 1988) (ERISA preempts common-law claims for breach of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud).

Holick's causes of action under state law are thus preempted under 29 USC § 1444(a). Seeking to replead preempted state law claims would be futile, so each must be dismissed with prejudice. See *Burgos v Group & Pension Administrators, Inc*, 286 F Supp 2d 812, 819 (SD Tex 2003) (dismissing preempted state law claims with prejudice); *Wright v Louisiana Corrugated Products, LLC*, 59 F Supp 3d 767, 770, 779 (WD La 2014) (same).

Aetna alternatively seeks dismissal under Rule 12(b)(6), asserting that it didn't even cause the delay in treatment of which Holick complains because it reversed the denial of coverage in August 2017. Dkt 13 at 1; see also Dkt 13-2. The Court needn't reach this argument because it finds all claims preempted by ERISA.

### 4. Conclusion

The motion to dismiss by Defendant Aetna Life Insurance Company is GRANTED. Dkt 13.

All claims against Defendant Aetna Life Insurance Company are DISMISSED WITH PREJUDICE.

Holick may seek leave to amend her complaint to plead a claim under ERISA by September 30, 2020. Failure to do so will result in dismissal with prejudice and final judgment entered in favor of Defendant Aetna Life Insurance Company.

SO ORDERED.

Signed on September 8, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge